



07 CIV 9452

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED RESOURCE RECOVERY CORPORATION, | § § § § | |
| Plaintiff, | § | |
| vs. | § § | CIVIL ACTION NO. 7:07-0502-HFF |
| RAMBO VENTURE MANAGEMENT, INC, and JOHN KOHUT, | § § § | |
| Defendants. | § § | |
| RAMBO VENTURE MANAGEMENT, INC, Third-Party Plaintiff, | § § § § | |
| vs. | § § | |
| CARLOS GUTIERREZ, Third-Party Defendant. | § § § | |

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK
BY [signature] DEPUTY CLERK

## ORDER

### I. INTRODUCTION

This case was filed as a declaratory judgment action. Pending before the Court is Defendants' motion to transfer venue. Having carefully considered the motion, the response, the reply, the record, and the applicable law, the Court will grant Defendants' motion to transfer venue.

### II. DISCUSSION AND ANALYSIS

Defendants contend that the Court should transfer the case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Having exhaustively examined the record and considered the relevant law, the Court agrees.

A TRUE COPY
ATTEST LARRY W. PROPES, CLERK
By [signature]
DEPUTY CLERK

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a)

> Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.

*Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation marks and citation omitted). The district court in *Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*, 751 F. Supp. 93 (W.D.N.C. 1990), set forth eleven factors to consider in determining the propriety of such a transfer:

> 1. The plaintiff's initial choice of forum; 2. The residence of the parties; 3. The relative ease of access of proof; 4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; 5. The possibility of a view; 6. The enforceability of a judgment, if obtained; 7. The relative advantages and obstacles to a fair trial; 8. Other practical problems that make a trial easy, expeditious, and inexpensive; 9. The administrative difficulties of court congestion; 10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and 11. The avoidance of unnecessary problems with conflict of laws.

*Id.* at 96. This Court has undertaken the same analysis with the competent evidence in this record and finds that transfer is proper.

*1. The plaintiff's initial choice of forum.*

Ordinarily, this factor would weigh in favor of Plaintiff. Nevertheless, in the case at bar, it is readily apparent that, but for Plaintiff's preemptively filing this action, this is actually Defendants' suit.

2

Although not binding, *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002) provides persuasive authority on this issue.

> When a plaintiff chooses her own forum, it is normally reasonable to assume that the choice is convenient. The plaintiff is, after all, master of the complaint, and this includes the choice of where to bring suit. In normal instances, therefore, a certain deference is due to the plaintiff's choice of forum with respect to convenience. In the case of a declaratory judgment action, however, that principle has less force: but for [the plainitff's] preemptive filing . . . , this would be in all respects [the defendant's] suit, and he would have been entitled to file whenever he wanted, wherever he wanted. He is the natural plaintiff– the one who wishes to present a grievance for resolution by a court. We have expressed wariness at the prospect of a suit for declaratory judgment aimed solely at wresting the choice of forum from the natural plaintiff.

*Id.* (internal citations and quotation marks omitted). The case at bar presents a nearly identical situation as that found in *Hyatt*. Adopting the rationale therein, the Court finds that this factor weighs in favor of Defendants.

*2. The residence of the parties.*

Plaintiff is a resident of South Carolina and Defendants are residents of New York. Therefore, this factor favors neither party.

*3. The relative ease of access of proof.*

There is no evidence in the record that supports a finding for either party as to this factor.

*4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses.*

Contrary to Plaintiff's contentions otherwise, the Court is of the opinion that Defendants' non-party witnesses are essential to the resolution of the dispute between the parties. Further, having carefully considered the arguments of both parties, the Court is of the opinion that Defendants' non-party witnesses appear to have greater knowledge of the information material in

this case than do Plaintiff's non-party witnesses. As such, this factor weighs in favor of Defendants' motion to transfer venue.

*5. The possibility of a view.*

This factor favors neither party.

*6. The enforceability of a judgment, if obtained.*

To the extent that Plaintiff seeks a declaration from this Court that only Defendants "are entitled to no fees, expenses or compensation from the Plaintiff other than consulting fees of $8,500 per month until termination consistent with the written Consulting Agreement between the parties[]" (Complaint ¶ 17), this factor would appear to favor Plaintiff. If Plaintiff loses this argument and the Court determines that Plaintiff owes more, then judgment would be more easily enforced– as Plaintiff is a resident of this district.

In its demand for judgment, though, Plaintiff seeks to have the Court make the above-referenced declaration not only about Defendants, but also as to "any affiliated parties that might claim under or through them." (Complaint ¶ 17.) Although Defendants argue that Plaintiff is referring to Adirondack Capital Partners, Inc., a New York entity with no ties to South Carolina, Plaintiff claims that, "In an abundance of caution, [Plaintiff] referred to 'affiliated parties' in its Complaint, concerned that it might omit an entity through which [Defendant] Kohut would later claim he was providing his services." (Memo. in Opp. 13.) Accepting this assertion as true for purposes of deciding this motion, the Court finds that this factor weighs in favor of Plaintiff's argument to deny the motion for transfer.

4

*7. The relative advantages and obstacles to a fair trial.*

Except as detailed above, there is no other evidence in the record to support an argument that there are any other relative advantages and obstacles to a fair trial here as compared to the Southern District of New York. Therefore, the Court finds that this factor favors neither party.

*8. Other practical problems that make a trial easy, expeditious, and inexpensive.*

There can be no dispute that, if this case is tried here, it will be easier, more expeditious and less expensive for Plaintiff. Likewise, if the case is tried in the Southern District of New York, it will be easier, more expeditious and less expensive for Defendants. As such, the Court finds that this factor is not favorable to either party.

*9. The administrative difficulties of court congestion.*

Again, there is no competent evidence in the record to favor either party as to this factor.

*10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action.*

The Court finds that this factor has no applicability here.

*11. The avoidance of unnecessary problems with conflict of laws.*

This factor is inapplicable to this controversy.

In sum, only factor 6 weighs in favor of Plaintiff's argument that the case not be transferred; factors 1 and 4 weigh in favor of Defendants' argument that the case be transferred; and factors 2, 3, 5, 7, 8, 9, 10, and 11 provide no guidance.*

---

*The Court notes that some factors carry more weight than others. Moreover, these factors are certainly not exhaustive.

5

Nevertheless, when the record is considered as a whole, the Court is firmly convinced that Defendants have firmly that its motion to transfer should be granted. Therefore, the Court will enter judgment accordingly.

### III.    CONCLUSION

Wherefore, in light of the foregoing discussion and analysis, the Court concludes that Defendants' motion to transfer will be **GRANTED**.

**IT IS SO ORDERED.**

Signed this 15th day of October, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

6

CLOSED, JURY

**JUDGE SWEET**

**U.S. District Court
District of South Carolina (Spartanburg)
CIVIL DOCKET FOR CASE #: 7:07-cv-00571-HFF
Internal Use Only**

**07 CIV 9452**

United Resource Recovery Corporation v. RamKo Venture Management Inc et al
Assigned to: Honorable Henry F. Floyd
Cause: 28:2201 Declaratory Judgment

Date Filed: 02/20/2007
Date Terminated: 10/15/2007
Jury Demand: Defendant
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**United Resource Recovery Corporation**

represented by **Michael J Giese**
Leatherwood Walker Todd and Mann
PO Box 87
Greenville, SC 29602
864-242-6440
Fax: 864-240-2477
Email: mgiese@lwtm.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Thomas Morgan Larkin**
Leatherwood Walker Todd and Mann
PO Box 87
Greenville, SC 29602
864-242-6440
Email: tlarkin@lwtm.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

**Defendant**

**RamKo Venture Management Inc**

represented by **Julianne Farnsworth**
Farnsworth Law Firm
PO Box 338
Charleston, SC 29402
843-723-0425
Fax: 843-723-0426
Email: julianne@farnsworthlaw.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

A TRUE COPY
ATTEST: LARRY W. PROPES, CLERK

BY _____
DEPUTY CLERK

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK

BY _____
DEPUTY CLERK

                                        **Lloyd S Clareman**
Lloyd S Clareman PC
121 East 61st Street
New York, NY ~~10024~~ 10065
212-751-1585
Fax: 212-838-0814
Email: lloyd.clareman@clareman.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Kohut**      represented by  **Julianne Farnsworth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lloyd S Clareman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ThirdParty Defendant**

**Carlos Gutierrez**  represented by  **Michael J Giese**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Morgan Larkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ThirdParty Plaintiff**

**RamKo Venture Management Inc**  represented by  **Julianne Farnsworth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lloyd S Clareman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ThirdParty Plaintiff**

**John Kohut**  represented by  **Julianne Farnsworth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**RamKo Venture Management Inc**  represented by **Julianne Farnsworth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lloyd S Clareman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**John Kohut**  represented by **Julianne Farnsworth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lloyd S Clareman**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**United Resource Recovery Corporation**  represented by **Michael J Giese**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Morgan Larkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 02/20/2007 | 1 | COMPLAINT against RamKo Venture Management Inc, John Kohut ( Filing fee $ 350 receipt number 904887.), filed by United Resource Recovery Corporation.(alew, ) (Entered: 02/21/2007) |
| 02/20/2007 | 2 | (Court only) CIVIL COVER SHEET - Private Entry. (alew, ) (Entered: 02/21/2007) |

| | | | |
|---|---|---|---|
| 02/20/2007 | | 3 | Local Rule 26.01 Answers to Interrogatories by United Resource Recovery Corporation.(alew, ) (Entered: 02/21/2007) |
| 02/21/2007 | | 4 | Summons Issued (Restricted Access) as to John Kohut. (alew, ) (Entered: 02/21/2007) |
| 02/21/2007 | | 5 | Summons Issued (Restricted Access) as to RamKo Venture Management Inc. (alew, ) (Entered: 02/21/2007) |
| 02/21/2007 | | | ***DOCUMENT MAILED 4 Summons Issued, 5 Summons Issued placed in U.S. Mail to attorney Michael Giese (alew, ) (Entered: 02/21/2007) |
| 03/06/2007 | | 6 | SUMMONS Returned Executed by United Resource Recovery Corporation. John Kohut served on 2/23/2007, answer due 3/15/2007. (Attachments: # 1 Exhibit)(Larkin, Thomas) (Entered: 03/06/2007) |
| 03/06/2007 | | 7 | SUMMONS Returned Executed by United Resource Recovery Corporation. RamKo Venture Management Inc served on 2/23/2007, answer due 3/15/2007. (Attachments: # 1 Exhibit)(Larkin, Thomas) (Entered: 03/06/2007) |
| 03/27/2007 | | 8 | (Court only) ***Clerk Staff notes: sent an email to plaintiff's counsel re: defendant and past due answer deadline. (alew, ) (Entered: 03/27/2007) |
| 03/27/2007 | | 9 | (Court only) ***Clerk Staff notes: Left a message for defendant's counsel Julianne Farnsworth re: filing of notice of attorney appearance and letter extending time to answer. (alew, ) (Entered: 03/27/2007) |
| 03/27/2007 | | 10 | (Court only) Set/Reset Deadlines: Specific Document due by 3/30/2007; call Julianne Farnsworth re: notice of attorney appearance and letter extending time to answer. (alew, ) (Entered: 03/27/2007) |
| 03/29/2007 | | 13 | NOTICE of Appearance and extension of time to answer complaint by Julianne Farnsworth on behalf of RamKo Venture Management Inc, John Kohut (Farnsworth, Julianne) Modified text on 4/2/2007 (alew, ). (Entered: 04/02/2007) |
| 03/30/2007 | | 12 | Deficiency Memo document #11, Notice of Attorney Appearance. See attached Deficiency Memo for correction instructions. Any response due is based on the filing date of the original document. Docket Correction due 4/2/2007. (alew, ) (Entered: 03/30/2007) |
| 04/02/2007 | | | ENTRY DELETED re 12 Deficiency Memo Corrected Filing Document Number: document #13 Modified filing date to that of original filing: 3/29/2007 (alew, ) (Entered: 04/02/2007) |
| 04/02/2007 | | 14 | (Court only) Set/Reset Deadlines: RamKo Venture Management Inc answer due 4/2/2007; John Kohut answer due 4/2/2007 per notice of appearance filed 3/29/2007. (alew, ) (Entered: 04/02/2007) |
| 04/02/2007 | | | DOCKET ANNOTATION - NO Correction by attorney required. All parties please note: the Clerk has updated the answer deadline to reflect the extension granted by the plaintiff. Answer due on or before 4/4/07. |

| | | |
|---|---|---|
| | | (alew, ) (Entered: 04/02/2007) |
| 04/04/2007 | 16 | ANSWER to Complaint, THIRD PARTY COMPLAINT against Carlos Gutierrez, COUNTERCLAIM against United Resource Recovery Corporation by RamKo Venture Management Inc, John Kohut. (Attachments: # 1 Exhibit January Agreements# 2 Exhibit December Agreements# 3 Exhibit Founders Complaint (SDNY))(Farnsworth, Julianne) Modified on 4/20/2007; Additional attachments document #22 was filed on 4/10/07(alew, ). (Entered: 04/04/2007) |
| 04/04/2007 | 17 | Local Rule 26.01 Answers to Interrogatories by RamKo Venture Management Inc, John Kohut.(Farnsworth, Julianne) (Entered: 04/04/2007) |
| 04/04/2007 | 21 | MOTION to Transfer Case by RamKo Venture Management Inc, John Kohut.Response to Motion due by 4/23/2007 (Attachments: # 1 Memo in Support Memo in Support of Motion To Transfer# 2 Affidavit Affidavit of John Kohut)No proposed order(Farnsworth, Julianne) Modified filing and response to motion date on 4/11/2007 (alew, ). (Entered: 04/10/2007) |
| 04/05/2007 | 19 | Deficiency Memo 15 MEMO IN SUPPORT OF A MOTION FILED AS A MEMO IN SUPPORT OF JUDGMENT AND 18 MOTION TO TRANSFER. See attached Deficiency Memo. Any response due is based on the filing date of the original document. Docket Correction due 4/6/2007. (awil) (Entered: 04/05/2007) |
| 04/09/2007 | | (Court only) ***Clerk Staff notes - Julianne Farnsworth to refile today for def memo. (awil) (Entered: 04/09/2007) |
| 04/10/2007 | 22 | Additional Attachments to Main Document 16 Answer to Complaint, Third Party Complaint, Counterclaim,,,,. (Farnsworth, Julianne) (Entered: 04/10/2007) |
| 04/11/2007 | | ENTRY DELETED re 19 Deficiency Memo, also deleted document #20, motion to transfer case (filed incorrectly). Corrected Filing Document Number: document #21 Modified filing date to that of original filing: 4/4/2007 Response due date modified to that of original filing: 4/23/2007 (alew, ) Modified on 4/11/2007 (alew, ). (Entered: 04/11/2007) |
| 04/16/2007 | 24 | MOTION for Extension of Time to File Response/Reply as to 21 MOTION to Transfer Case by United Resource Recovery Corporation.Response to Motion due by 5/4/2007 Proposed order is being emailed to chambers with copy to opposing counsel(Giese, Michael) (Entered: 04/16/2007) |
| 04/16/2007 | 27 | LETTER EXTENDING TIME TO ANSWER Carlos Gutierrez answer due 5/25/2007. (Giese, Michael) Modified filing date on 4/18/2007 (alew, ). (Entered: 04/17/2007) |
| 04/17/2007 | 25 | ORDER granting 24 Motion for Extension of Time to File Response/Reply re 21 MOTION to Transfer Case Response to Motion due by 5/7/2007 Signed by Judge Henry F Floyd on 4/17/2007.(alew, ) |

| | | |
|---|---|---|
| | | (Entered: 04/17/2007) |
| 04/17/2007 | 26 | Deficiency Memo document #23, Letter. See attached Deficiency Memo for correction instructions. Any response due is based on the filing date of the original document. Docket Correction due 4/18/2007. (alew, ) (Entered: 04/17/2007) |
| 04/18/2007 | | ENTRY DELETED re 26 Deficiency Memo Corrected Filing Document Number: document #27 Modified filing date to that of original filing: 4/16/2007 (alew, ) (Entered: 04/18/2007) |
| 04/19/2007 | 28 | Third Party Summons Issued (Restricted Access) as to Carlos Gutierrez. (alew, ) (Entered: 04/19/2007) |
| 04/19/2007 | | ***DOCUMENT MAILED 28 Summons Issued placed in U.S. Mail to attorney Julianne Farnsworth (alew, ) (Entered: 04/19/2007) |
| 05/07/2007 | 29 | RESPONSE in Opposition re 21 MOTION to Transfer Case Response filed by United Resource Recovery Corporation.Reply to Response to Motion due by 5/17/2007 (Attachments: # 1 Affidavit of Carlos Gutierrez# 2 Affidavit of Lawson Hayes, Jr.)(Giese, Michael) (Entered: 05/07/2007) |
| 05/14/2007 | 30 | REPLY to Response to Motion re 21 MOTION to Transfer Case Response filed by RamKo Venture Management Inc, John Kohut. (Attachments: # 1 Affidavit John Kohut Affidavit II)(Farnsworth, Julianne) (Entered: 05/14/2007) |
| 05/16/2007 | 31 | REPLY by United Resource Recovery Corporationto16 Answer to Complaint, Third Party Complaint, Counterclaim,,, *to Defendants' Counterclaim.* (Giese, Michael) (Entered: 05/16/2007) |
| 05/16/2007 | 33 | ANSWER to Counterclaim by United Resource Recovery Corporation.(Giese, Michael) Modified filing date on 5/17/2007 (alew, ). (Entered: 05/17/2007) |
| 05/17/2007 | 32 | Deficiency Memo document #31, Reply not to a Motion. See attached Deficiency Memo for correction instructions. Any response due is based on the filing date of the original document. Docket Correction due 5/18/2007. (alew, ) (Entered: 05/17/2007) |
| 05/17/2007 | | ENTRY DELETED re 32 Deficiency Memo Corrected Filing Document Number: document #33 Modified filing date to that of original filing: 5/16/2007 (alew, ) (Entered: 05/17/2007) |
| 05/17/2007 | 34 | MOTION to Appear Pro Hac Vice by Lloyd S. Clareman ( Filing fee $ 250 receipt number 1017301) by RamKo Venture Management Inc, John Kohut.Response to Motion due by 6/4/2007 (Attachments: # 1 Affidavit Pro Hac Vice Admission)No proposed order(Farnsworth, Julianne) Additional attachment(s) added on 5/22/2007 (alew, ). Additional attachment(s) added on 5/22/2007 (alew, ). (Entered: 05/17/2007) |
| 05/17/2007 | 35 | Deficiency Memo document #34, Motion for Pro Hac Vice. See attached Deficiency Memo for correction instructions. Any response due is based |

| | | |
|---|---|---|
| | | on the filing date of the original document. Docket Correction due 5/18/2007. (alew, ) (Entered: 05/17/2007) |
| 05/22/2007 | 36 | (Court only) ***Clerk Staff notes: I have been emailing attorney Julianne Farnsworth re: correction of pro hac motion. Chambers has now become involved and resolution should be forthcoming. (alew, ) (Entered: 05/22/2007) |
| 05/22/2007 | 37 | (Court only) ***Deadlines terminated, docket annotation; correction made-substituted images. (alew, ) (Entered: 05/22/2007) |
| 05/23/2007 | 38 | ANSWER to Third Party Complaint by Carlos Gutierrez.(Giese, Michael) (Entered: 05/23/2007) |
| 05/23/2007 | 39 | (Court only) ***Attorney Thomas Morgan Larkin for Carlos Gutierrez added per answer to Third Party Complaint filed 5/23/2007. (alew, ) (Entered: 05/24/2007) |
| 06/18/2007 | 40 | SCHEDULING ORDER Rule 26(f) Conference Deadline 7/9/2007, 26(a) Initial Disclosures due by 7/23/2007, Rule 26 Report due by 7/23/2007, Amended Pleadings due by 8/17/2007, Plaintiffs ID of Expert Witness due by 9/17/2007, Defendants ID of Expert Witnesses Due by 10/16/2007, Records Custodian Affidavit due by 10/16/2007, Discovery due by 12/17/2007, Motion in Limine due by 4/15/2008, Motions due by 12/31/2007, Rule 26(a)(3) Disclosures due by 3/14/2008, Pretrial Briefs due by 4/29/2008, Jury Selection Deadline 5/6/2008, Mediation Due by 2/28/2008. Signed by Judge Henry F. Floyd on 6/18/2007. (alew, ) (Entered: 06/18/2007) |
| 06/18/2007 | 41 | MEDIATION ORDER Mediation Due by 2/28/2008. Signed by Judge Henry F. Floyd on 6/18/2007. (alew, ) (Entered: 06/18/2007) |
| 06/18/2007 | 42 | (Court only) ***Set/Clear Flags, added jury flag. (alew, ) (Entered: 06/18/2007) |
| 07/20/2007 | 43 | Joint Rule 26(f) Report by United Resource Recovery Corporation, John Kohut, RamKo Venture Management Inc.(Larkin, Thomas) Modified by adding defendants as filers on 7/23/2007 (alew, ). (Entered: 07/20/2007) |
| 07/20/2007 | 44 | *JOINT* Rule 26 Outline of Discovery Plan by United Resource Recovery Corporation, John Kohut, RamKo Venture Management Inc.(Larkin, Thomas) Modified by adding defendants as filers on 7/23/2007 (alew, ). (Entered: 07/20/2007) |
| 07/20/2007 | 45 | Local Rule 26.03 Answers to Interrogatories by United Resource Recovery Corporation.(Larkin, Thomas) (Entered: 07/20/2007) |
| 07/23/2007 | 46 | Local Rule 26.03 Answers to Interrogatories by RamKo Venture Management Inc, John Kohut.(Farnsworth, Julianne) (Entered: 07/23/2007) |
| 07/25/2007 | 47 | ORDER granting 34 Motion to Appear Pro Hac Vice Signed by Judge Henry F. Floyd on 7/25/2007.(alew, ) (Entered: 07/25/2007) |

| 08/27/2007 | ●48 | Letter from attorney Lloyd S. Clareman re: motion to transfer. (alew, ) (Entered: 08/27/2007) |
|---|---|---|
| 10/15/2007 | ●49 | ORDER granting 21 Motion to Transfer Case to the Southern District of New York. Signed by Judge Henry F. Floyd on 10/15/07.(alew, ) (Entered: 10/15/2007) |
| 10/15/2007 | ●50 | (Court only) ***Civil Case Terminated per order remanding case to Southern District of New York. (alew, ) (Entered: 10/15/2007) |
| 10/15/2007 | ●51 | (Court only) ***Clerk Staff notes: docketed Civl Case Extraction. Received email as confirmation: InterdistrictTransfer_NYSD@nysd.uscourts.gov. Left message with the Southern District of New York's Clerk's Office regarding whether or not they accept documents via ECF. (alew, ) (Entered: 10/15/2007) |
| 10/15/2007 | ●52 | DEFENDANT'S ID OF EXPERT WITNESSES by RamKo Venture Management Inc, John Kohut.(Farnsworth, Julianne) (Entered: 10/15/2007) |
| 10/16/2007 | ●53 | Deficiency Memo document #52, Defendant's Id of Expert Witnesses. See attached Deficiency Memo for correction information. Any response due is based on the filing date of the original document. Docket Correction due 10/17/2007. (alew, ) (Entered: 10/16/2007) |