IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United Resource Recovery Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ANSWER OF CARLOS GUTIERREZ** |
| vs. ) | **TO THIRD PARTY COMPLAINT** |
| ) | |
| RamKo Venture Management, Inc. and ) | Case Number: 7:07-502-HFF |
| John Kohut, ) | |
| ) | |
| Defendants. ) | |
| RamKo Venture Management, Inc., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Carlos Gutierrez, ) | |
| ) | |
| Third-Party Defendant. ) | |

Carlos Gutierrez ("Mr. Gutierrez"), for his Answer to the Third Party Complaint of the Defendants, would respectfully show unto the Court:

FOR A FIRST DEFENSE

1. The allegations of the Complaint are incorporated by reference herein as though fully set forth.

2. Each and every allegation of the Answer and Counterclaim and Third Party Complaint is denied except as expressly admitted herein.

3. Mr. Gutierrez incorporates the preceding in response to Paragraph 25.

4. Answering Paragraphs 26 through 30, Mr. Gutierrez admits the residence of the parties and that the Court has jurisdiction over the parties and the subject matter of this case. Any other allegation or inference is denied.

5. Answering Paragraph 31, Mr. Gutierrez specifically alleges that venue properly lies in this Court.

6. Paragraph 32 is denied.

7. So much of Paragraph 33 is admitted as alleges the general nature of URRC's business. It is also admitted that the Defendants were engaged to arrange a private placement. All else is denied.

8. Paragraph 34 is denied.

9. Mr. Gutierrez denies the allegations of Paragraphs 35 and 36 and requests reference to the written agreements between the parties for a recitation of their terms and conditions. The allegations are denied to the extent they are not expressly established by the written agreements. Mr. Gutierrez further denies that the Defendants are entitled to any payments other than monthly payments pursuant to the Consulting Agreement until its termination.

10. Paragraph 37 is denied.

11. Paragraph 38 does not appear to call for an answer, but any allegation or insinuation is denied.

12. Answering the second, misnumbered Paragraph 38, Mr. Gutierrez refers to the written agreements for a recitation of all their terms and conditions. Any allegation which is not expressly established by those written agreements is denied.

13. Mr. Gutierrez denies the allegations of Paragraph 39 except to admit that there were discussions with Founders Equity SBIC, LLP ("Founders"). Unfortunately, however, those discussions proved unfruitful.

14. Paragraph 40 is denied except that there were discussions between Founders and URRC.

15. Answering Paragraph 41, it is admitted that the Defendants at some point prepared new proposed Agreements bearing the date December 10, 2004. It is further admitted that those Agreements were not signed. It is denied, however, that there was ever any oral agreement concerning them or that any representative of URRC ever agreed to sign them.

16. So much of Paragraph 42 is admitted as alleges that Founders and URRC signed a Letter of Intent. The remaining allegations are denied.

17. Mr. Gutierrez admits so much of Paragraph 43 as alleges there were extensive negotiations. It is also admitted that Founders filed a lawsuit which was settled. The remaining allegations and insinuations are denied.

18. Paragraphs 44 and 45 are denied, except there have been discussions with NTR and/or Coke.

19. In response to Paragraph 46, Mr. Gutierrez refers to the written documents for a recitation of all of their terms and conditions. As set forth above, the so-called December 10, 2004, revisions were never agreed upon by the parties or signed.

20. Paragraphs 47 and 48 are denied.

21. Paragraph 49 is denied.

22. Answering Paragraph 50, Mr. Gutierrez refers to the written agreements between the parties for a recitation of all of their terms and conditions. Any allegation not expressly established by those agreements is denied.

23. Paragraph 51 is denied.

24. Paragraphs 52 and 53 are denied except it is admitted that URRC and the Defendants entered into a written Consulting Agreement, reference to which is requested for a recitation of its terms and conditions. Any allegation not expressly established thereby is denied.

25. The foregoing is incorporated in response to Paragraph 54 of the Complaint.

26. So much of Paragraph 55 is admitted as alleges that URRC owes no money and intends to make no payments. It is denied that URRC is in breach of any of its agreements.

27. Paragraphs 56, 57, 58 and 59 are denied.

28. The foregoing is incorporated in response to Paragraph 60.

29. Paragraphs 61, 62, 63 and 64 are denied.

30. The foregoing is incorporated in response to Paragraph 65.

31. Paragraphs 66 and 67 are denied.

32. The foregoing is incorporated in response to Paragraph 68.

33. Paragraphs 69, 70 and 71 are denied.

34. The foregoing is incorporated in response to Paragraph 72.

35. Paragraphs 73, 74 and 75 are denied.

36. Paragraphs 76 and 77 are denied except to the extent they acknowledge that the parties did not have any agreement about whether a fee should be paid or how much.

37. The remaining allegations of the Complaint are denied.

38. Except as expressly admitted hereinabove, each and every allegation of the Complaint is denied.

## FOR A SECOND DEFENSE

39. The foregoing allegations are incorporated by reference herein.

40. Some or all of the claims asserted by the Defendants are barred by the pertinent statutes of limitation.

## FOR A THIRD DEFENSE

41. The foregoing allegations are incorporated by reference herein.

42. Some or all of the claims of the Defendants are barred by the statute of frauds.

### FOR A FOURTH DEFENSE

43. The foregoing allegations are incorporated by reference herein.

44. The contracts asserted by the Defendants have expired, lapsed, been superseded, been merged, been rescinded or are otherwise not enforceable.

### FOR A FIFTH DEFENSE

45. The foregoing allegations are incorporated by reference herein.

46. The claims of the Defendants are barred by their failure to perform various terms and conditions of the Agreements. Further, the Defendants ultimately failed properly to represent the interests of URRC and instead showed untoward deference and loyalty to Founders.

### FOR A SIXTH DEFENSE

47. The foregoing allegations are incorporated by reference herein.

48. The claims of the Defendants are barred by the doctrine of laches.

### FOR A SEVENTH DEFENSE

49. The foregoing allegations are incorporated by reference herein.

50. The claims of the Defendants are barred by the doctrine of estoppel.

### FOR AN EIGHTH DEFENSE

51. The foregoing allegations are incorporated by reference herein.

52. The claims of the Defendants are barred by the doctrine of waiver.

### FOR A NINTH DEFENSE

53. The foregoing allegations are incorporated by reference herein.

54. The claims of the Defendants are barred by their breaches of the warranty of good faith and fair dealing.

FOR A TENTH DEFENSE

55.     The foregoing allegations are incorporated by reference herein.

56.     The claims of the Defendants are barred by the doctrine of unclean hands.

FOR AN ELEVENTH DEFENSE

57.     The Third Party Complaint fails to state a cause of action against Mr. Gutierrez

WHEREFORE, having fully replied, Mr. Gutierrez respectfully requests that the Court dismiss all of the claims of the Defendants and Third Party Plaintiff with prejudice and grant the relief requested in the Complaint.

Respectfully submitted,

s/ Michael J. Giese
Michael J. Giese (#2094)
Thomas M. Larkin (#9480)
Leatherwood Walker Todd & Mann, P.C.
300 East McBee Avenue, Suite 500
Post Office Box 87
Greenville, SC 29602
(864) 242-6440
(864) 240-2477 (fax)
mgiese@lwtm.com
tlarkin@lwtm.com

ATTORNEY FOR CARLOS GUTIERREZ

May 23, 2007