UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United Resource Recovery Corporation, | ) | Case Number: 7:07-502-HFF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF'S INFORMATION** |
| | ) | **REQUIRED BY LOCAL RULE 26.03** |
| RamKo Venture Management, Inc. and | ) | |
| John Kohut, | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| RamKo Venture Management, Inc., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Carlos Gutierrez, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

Plaintiff in the above-captioned case, hereby answers Rule 26.03 of the Rule 26(f) report

as follows:

**(1)     A short statement of the facts of the case:**

This is a declaratory judgment action to determine the rights and responsibilities

of the parties under various agreements entered between Plaintiff and Defendants and Plaintiff

and third parties.

Between 2001 and continuing into early 2004, the parties entered a series of agreements

pursuant to which Defendant Kohut agreed to work on what amounted to a contingent fee basis

to put together a deal through which private equity investors would purchase a minority stake in

URRC. Each agreement provided, among other things, that Defendant RamKo would attempt to

raise equity funding for URRC and that RamKo would have a 90 day exclusivity period to consummate the transactions.

In the agreements dated March of 2002 and January of 2004, Kohut inserted a breakup fee provision, which would have required URRC to pay RamKo $300,000 if URRC refused to close a deal with investors who were ready, willing and able to perform on the terms agreed to by URRC. However, Kohut was never able to present an investor offering a deal, certainly not one that triggered his right to a fee pursuant to the terms of the agreements. Likewise, URRC never refused to close with a group of investors, particularly a group that was ready, willing or able to perform, and, therefore, Kohut and RamKo never became entitled to a breakup fee.

In early 2005, URRC and the defendants entered a consulting agreement under which Kohut would be paid $8,500 per month for financial consulting services. After the parties entered this agreement, URRC revived talks with a private equity group and signed a letter of intent with it, which contained an exclusivity provision. Defendants were not party to this new agreement. This agreement eventually fell apart, but Defendants had no contractual right to a breakup fee or damages for breach of the exclusivity provision.

Defendants claim that URRC owes them compensation for their work under and incidental to the pre-2005 agreements as well as for the breakdown of the 2005 agreement with the private equity group. URRC filed this declaratory judgment action to determine whether it has any duty to pay Defendants under any of these contracts.

**(2)    The names and fact witnesses likely to be called by the party and a brief summary of their expected testimony:**

a.    **Carlos Gutierrez**.

This witness is expected to testify about URRC's history with the defendants and all agreements regarding compensation for the defendants.

      b.      **Gerry Fishbeck**.

This witness is expected to testify about URRC's history with the defendants and all agreements regarding compensation for the defendants.

      c.      **Lawson Hayes**.

This witness is expected to testify about URRC's history with the defendants and all agreements regarding compensation for the defendants.

      d.      **Matthew Myers**.

This witness is expected to testify about Defendant Kohut's negative impact on URRC's attempts to procure funding.

      e.      **Andy Westbrook**.

This witness is expected to testify about Defendant Kohut's negative impact on URRC's attempts to procure funding.

      f.      **Larry Fritz**.

This witness is expected to testify about Defendant Kohut's negative impact on the auditing process.

      g.      **Bill Kastler**.

This witness is expected to testify about Defendant Kohut's negative impact on the auditing process.

      h.      **Owen West**.

This witness is expected to testify about Defendant Kohut's negative impact on the auditing process.

i.      **Allen Robinson**.

This witness is expected to testify about Defendant Kohut's negative impact on the auditing process.

j.      **Mary Peasley**.

This witness is expected to testify about Defendant Kohut's negative impact on the auditing process.

k.      **Chris Jones**.

This witness is expected to testify about how Defendant Kohut deterred BB&T from participating as an investor.

l.      **Martin Gilmore**.

This witness is expected to testify about how Defendant Kohut deterred BB&T from participating as an investor.

m.      **Bert Newsome**.

This witness is expected to testify about how Defendant Kohut deterred BB&T from participating as an investor.

n.      **Mike Reeves**.

This witness is expected to testify that Defendant Kohut performed flawed due diligence review on an acquisition by URRC and did not participate in structuring or funding the deal.

o.      **Bob Getsinger**.

This witness is expected to testify that Defendant Kohut performed flawed due diligence review on an acquisition by URRC and did not participate in structuring or funding the deal.

p.      **Bill Adams**.

This witness is expected to testify that Defendant Kohut performed flawed due diligence review on an acquisition by URRC and did not participate in structuring or funding the deal.

        q.      **Chuck Robinson**.

This witness is expected to testify that Defendant Kohut performed flawed due diligence review on an acquisition by URRC and did not participate in structuring or funding the deal.

        r.      **Ronnie Holcombe**.

This witness is expected to testify that Defendant Kohut performed flawed due diligence review on an acquisition by URRC and did not participate in structuring or funding the deal.

        s.      **John Drew**.

This witness is a shareholder in URRC and is expected to testify about his interactions with Defendant Kohut as well as Kohut's failure to procure funding for URRC.

        t.      **Frank Williams**.

This witness is URRC's current outside counsel and is expected to provide non-privileged information regarding Defendant Kohut's activities for URRC and Defendant Kohut's demands for compensation.

**(3)     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given of experts likely to be offered).**

Plaintiff has not yet identified an expert to testify in this matter. However, Plaintiff will likely call an expert to testify to the reasonableness of Defendants' compensation estimates and damage calculations. Plaintiff reserves the right to supplement this response as the case and the necessity for expert testimony develops.

**(4)     A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Defendants did not satisfy the contingency terms of their contracts with Plaintiff by failing to procure funding for Plaintiff. Defendants are not entitled to compensation for their efforts pursuant to their investment contracts with Plaintiff. See Adair v. First National Bank, 139 S.C. 1, 5, 137 S.E. 192, 193 (1927).

Defendants cannot recover compensation in quantum meruit for services they provided pursuant to contracts with Plaintiff. Recovery in quantum meruit is an alternative to recovery for breach of contract. See Blanton v. Friedberg, 819 F.2d 489 (4th Cir. 1987).

The financial services Defendants allege they provided outside of their agreements with Plaintiff either have no reasonable value or their reasonable value cannot be proven with any accuracy or precision, and, therefore, Defendants are not entitled to recover in quantum meruit. See id.

Defendants' claims for compensation based on discussions prior to or contemporaneous with the execution of integrated agreements with Plaintiff are barred by the parol evidence rule. See Wilkes v. American Defender Life Ins. Co., C.A. No. 77-1168, 1980 U.S. Dist. LEXIS 14752 (D.S.C. 1980) (citing Continental Jewelry Co. v. Kerhulas, 136 S.C. 496, 502, 134 S.E. 505 (1925))

Defendants cannot recover for the breach of any agreement between Plaintiff and a third-party funding source when Defendants were not an intended third-party beneficiary of that agreement. See R.J. Griffin & Co. v. Beach Club II Homeowners Ass'n, 384 F.3d 157 (4th Cir. 2004).

Plaintiff also reserves the right to supplement this response as the issues in this case become more developed through discovery.

**(5)    Proposed Dates for Deadlines:**

    **a.    Exchange of F.R.C.P. 26(a)(2) expert disclosures:**

The expert disclosure deadline outlined in the Court's Scheduling Order is agreeable to the parties.

        **b.**        **Completion of Discovery:**

The completion of discovery deadline outlined in the Court's Scheduling Order is agreeable to the parties.

**(6)**        **The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.**

Plaintiff is presently unaware of any special circumstances in regard to this matter.

**(7)**        **The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

No additional information was requested.

**(8)**        **Initial Disclosures:**

The parties have agreed to waive initial disclosures.

**(9)**        **Changes to Discovery:**

Plaintiff is presently unaware of any changes that should be made in the limitations on discovery.

**(10)**    **Other Orders:**

Plaintiff is presently unaware of any other orders that should be entered under Fed. R. Civ. P. 16(b) or (c) or Fed. R. Civ. P. 26.

                Respectfully submitted,

                  s/Thomas M. Larkin
                Michael J. Giese (#2094)
                Thomas M. Larkin (#9480)
                Leatherwood Walker Todd & Mann, P.C.
                300 East McBee Avenue, Suite 500
                Post Office Box 87
                Greenville, SC 29602
                (864) 242-6440; (864) 240-2477 (Fax)

mgiese@lwtm.com
tlarkin@lwtm.com

ATTORNEYS FOR PLAINTIFF