IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED RESOURCE RECOVERY CORPORATION, | ) ) ) | Case Number: 7:07-502-HFF |
| Plaintiff, | ) ) | |
| vs. | ) ) | **DEFENDANTS RESPONSES TO LOCAL CIVIL RULE 26.03** |
| RAMKO VENTURE MANAGEMENT, INC. and JOHN KOHUT, | ) ) ) ) | |
| Defendants. | ) ) | |
| RAMKO VENTURE MANAGEMENT, INC., | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| CARLOS GUTIERREZ, | ) ) ) | |
| Third-Party Defendant. | ) ) | |

The Defendants, responding to the disclosures required pursuant to Local Civil Rule 26.03, respectfully submit the following:

1. **A short statement of the facts of the case**;

   **RESPONSE**:

   This case was commenced as a purported declaratory judgment action by plaintiff United Resource Recovery Corporation ("URRC") against RamKo Venture Management, Inc. ("RamKo") and RamKo's principal, John Kohut. RamKo has counterclaimed against URRC and brought a third-party claim against Carlos Guitierrez, URRC's CEO. RamKo provided a range of financial, consulting, and

1

investment banking services to URRC over the course of approximately six years, pursuant to certain written and oral agreements. RamKo seeks compensation pursuant to the terms of those agreements, and pursuant to common law principles of quantum meruit, unjust enrichment, promissory estoppel, and fraud. URRC seeks a finding that it owes RamKo nothing for nearly all of its services.

2.  **The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony;**

    **RESPONSE**:

    **John Kohut** will testify concerning the extensive range of services that he provided, including (1) the raising of substantial funding for URRC, (2) the providing of chief financial officer-type services, and (3) the furnishing of additional investment banking services including services in connection with URRC's acquisition of a company called DMS. Mr. Kohut will also describe the various agreements, written and oral, between RamKo and URRC concerning RamKo's compensation for such services, as well as representations made by URRC's CEO, Mr. Gutierrez, in connection therewith. Mr. Kohut will further provide testimony concerning the valuation of RamKo's services.

    **Warren Haber J.D. White, and Roger Vincent, Jr.** are executives with Founders Equity, a New York private equity firm that entered into a letter of intent ("LOI") to acquire an equity stake in URRC. Since one of the agreements at issue in this case is an agreement whereby RamKo is entitled to a breakup fee from URRC if URRC failed to proceed with the Founders deal and accepts funding from another source, the testimony of the Founders' executives will concern (1) Founders' readiness, willingness, and ability to close its deal with URRC on terms equal to or better than those set forth in the LOI, and (2) admissions by Gutierrez that the reason

2

why URRC reneged on its deal with Founders is that URRC was dissatisfied with the terms of the LOI, specifically the equity split.  This anticipated testimony is based upon the allegations made by Founders in a lawsuit filed by Founders against URRC in the U.S. District Court for the Southern District of New York, which URRC settled.  RamKo has been unable to speak directly with the Founders witnesses due to the confidentiality stipulation apparently contained in Founders' settlement agreement with URRC.

**Carlos Gutierrez and Jerry Fishbeck,** URRC executives, will be called as adverse witnesses and will be questioned regarding the terms of the various compensation agreements between URRC and RamKo, and regarding the services provided by RamKo.  Mr. Gutierrez will be questioned regarding his promises of compensation to Mr. Kohut; and Mr. Fishbeck will be questioned regarding the specific terms of certain compensation arrangements with RamKo that Mr. Gutierrez delegated him to negotiate on behalf of URRC, and approved.

RamKo respectfully reserves the right to call additional witnesses to rebut allegations made by URRC but does not anticipate that such witnesses will be material to its case-in-chief.

3. **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered);**

**RESPONSE** :

No expert witnesses have been identified at this time, but it is likely that any expert testimony would concern the valuation, pursuant to the Black-Scholes model and/or other appropriate valuation methodology, of certain warrants that were part of RamKo's break-up fee in connection with the Founders deal; and would further

3

concern the valuation of the investment banking and CFO-type services provided by RamKo to URRC.

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same;**

**RESPONSE**:

The claims are bedrock, common law claims for breach of contract, unjust enrichment, quantum meruit, promissory estoppel, and fraud. In essence, URRC and Gutierrez obtained valuable services from RamKo pursuant to written and oral contracts which URRC has failed to honor, and based upon promises and representations on which RamKo justifiably relied, which have proven to be false and were false when made. URRC has enjoyed the benefits of these services, all of which were provided in a commercial context with the expectation of compensation, without paying for them. *See:* Watts v. Columbia Artists Management, 591 NYS2d 234, (3d Dept. 1992) (oral agreement may extend terms of written agreement); Rogers v. Islip, 646 NYS2d 158 (2d Dept. 1996) (elements of promissory estoppel); Mayer v. Bishop, 551 NYS2d 673 (3d Dept 1990) (unjust enrichment); Curtis Properties Corp. v. Greif Companies, 628 NYS2d 272 (1st Dept 1997), (claims for breach of contract and quantum meruit may both be brought); Moors v. Hall, 532 NYS2d 412 (2d Dept 1988) (entitlement to value of services).

5. **Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

    (a) **Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures;**

    (b) **Completion of discovery.**

**RESPONSE:**

A Conference and Scheduling Order has been issued by the Court in this case and agreed to by the parties. Please see Joint 26 (f) Report.

6.   **The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.** *See generally* **Local Civil Rule 16.02(C) (Content of Scheduling Order).**

**RESPONSE:**

RamKo and Mr. Kohut have filed a motion to transfer the venue of this action to the Southern District of New York, and in support thereof have filed moving and reply briefs and affidavits. URRC has responded to the motion. The motion was fully briefed as of May 11, 2007.

RamKo and Mr. Kohut respectfully request that this highly consequential motion be addressed by the Court at its earliest convenience; *except that* the parties have agreed to engage in an early attempt to resolve the case via settlement discussions, and believe that the uncertainties created by having this motion remain undecided may act as a catalyst of settlement. With that in mind, RamKo and Mr. Kohut respectfully request that the Court provide the parties with a window of thirty (30) days from the date of this filing, July 23, 2007, to fully explore the possibility of an early settlement. Unless further time is jointly requested by the parties to attempt to settle the case past August 23, 2007, Defendants would respectfully request that the motion to transfer venue be heard as soon as possible as convenient with the Court's Schedule.

7. **The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

    **RESPONSE:**

    No additional information has been requested.

    Respectfully submitted,

    \_\_\_s/Julianne Farnsworth\_\_\_

    Julianne Farnsworth
    Federal Bar # 4438
    FARNSWORTH LAW FIRM LLC
    Post Office Box 338,
    Charleston, South Carolina 29402
    Phone: (843) 723-0425
    Fax:    (843) 723-0426
    Email: Julianne@Farnsworthlaw.com

    ATTORNEY FOR THE DEFENDANTS

July 23, 2007
Charleston, South Carolina