

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| UNITED RESOURCE RECOVERY CORPORATION, <br>     Plaintiff, <br><br> vs. <br><br> RAMBO VENTURE MANAGEMENT, INC, and JOHN KOHUT, <br>     Defendants. | § § § § § § § § § § |
| RAMBO VENTURE MANAGEMENT, INC, <br>     Third-Party Plaintiff, <br><br> vs. <br><br> CARLOS GUTIERREZ, <br>     Third-Party Defendant. | § § § § § § § § |

CIVIL ACTION NO. 7:07-0502-HFF

## ORDER

### I. INTRODUCTION

This case was filed as a declaratory judgment action. Pending before the Court is Defendants' motion to transfer venue. Having carefully considered the motion, the response, the reply, the record, and the applicable law, the Court will grant Defendants' motion to transfer venue.

### II. DISCUSSION AND ANALYSIS

Defendants contend that the Court should transfer the case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Having exhaustively examined the record and considered the relevant law, the Court agrees.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a)

> Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.

*Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation marks and citation omitted). The district court in *Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*, 751 F. Supp. 93 (W.D.N.C. 1990), set forth eleven factors to consider in determining the propriety of such a transfer:

> 1. The plaintiff's initial choice of forum; 2. The residence of the parties; 3. The relative ease of access of proof; 4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; 5. The possibility of a view; 6. The enforceability of a judgment, if obtained; 7. The relative advantages and obstacles to a fair trial; 8. Other practical problems that make a trial easy, expeditious, and inexpensive; 9. The administrative difficulties of court congestion; 10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and 11. The avoidance of unnecessary problems with conflict of laws.

*Id*. at 96. This Court has undertaken the same analysis with the competent evidence in this record and finds that transfer is proper.

*1. The plaintiff's initial choice of forum.*

Ordinarily, this factor would weigh in favor of Plaintiff. Nevertheless, in the case at bar, it is readily apparent that, but for Plaintiff's preemptively filing this action, this is actually Defendants' suit.

Although not binding, *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002) provides persuasive authority on this issue.

> When a plaintiff chooses her own forum, it is normally reasonable to assume that the choice is convenient. The plaintiff is, after all, master of the complaint, and this includes the choice of where to bring suit. In normal instances, therefore, a certain deference is due to the plaintiff's choice of forum with respect to convenience. In the case of a declaratory judgment action, however, that principle has less force: but for [the plainitff's] preemptive filing . . . , this would be in all respects [the defendant's] suit, and he would have been entitled to file whenever he wanted, wherever he wanted. He is the natural plaintiff– the one who wishes to present a grievance for resolution by a court. We have expressed wariness at the prospect of a suit for declaratory judgment aimed solely at wresting the choice of forum from the natural plaintiff.

*Id.* (internal citations and quotation marks omitted). The case at bar presents a nearly identical situation as that found in *Hyatt*. Adopting the rationale therein, the Court finds that this factor weighs in favor of Defendants.

   *2. The residence of the parties.*

Plaintiff is a resident of South Carolina and Defendants are residents of New York. Therefore, this factor favors neither party.

   *3. The relative ease of access of proof.*

There is no evidence in the record that supports a finding for either party as to this factor.

   *4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses.*

Contrary to Plaintiff's contentions otherwise, the Court is of the opinion that Defendants' non-party witnesses are essential to the resolution of the dispute between the parties. Further, having carefully considered the arguments of both parties, the Court is of the opinion that Defendants' non-party witnesses appear to have greater knowledge of the information material in

3

this case than do Plaintiff's non-party witnesses. As such, this factor weighs in favor of Defendants' motion to transfer venue.

*5. The possibility of a view.*

This factor favors neither party.

*6. The enforceability of a judgment, if obtained.*

To the extent that Plaintiff seeks a declaration from this Court that only Defendants "are entitled to no fees, expenses or compensation from the Plaintiff other than consulting fees of $8,500 per month until termination consistent with the written Consulting Agreement between the parties[]" (Complaint ¶ 17), this factor would appear to favor Plaintiff. If Plaintiff loses this argument and the Court determines that Plaintiff owes more, then judgment would be more easily enforced– as Plaintiff is a resident of this district.

In its demand for judgment, though, Plaintiff seeks to have the Court make the above-referenced declaration not only about Defendants, but also as to "any affiliated parties that might claim under or through them." (Complaint ¶ 17.) Although Defendants argue that Plaintiff is referring to Adirondack Capital Partners, Inc., a New York entity with no ties to South Carolina, Plaintiff claims that, "In an abundance of caution, [Plaintiff] referred to 'affiliated parties' in its Complaint, concerned that it might omit an entity through which [Defendant] Kohut would later claim he was providing his services." (Memo. in Opp. 13.) Accepting this assertion as true for purposes of deciding this motion, the Court finds that this factor weighs in favor of Plaintiff's argument to deny the motion for transfer.

4

*7. The relative advantages and obstacles to a fair trial.*

Except as detailed above, there is no other evidence in the record to support an argument that there are any other relative advantages and obstacles to a fair trial here as compared to the Southern District of New York. Therefore, the Court finds that this factor favors neither party.

*8. Other practical problems that make a trial easy, expeditious, and inexpensive.*

There can be no dispute that, if this case is tried here, it will be easier, more expeditious and less expensive for Plaintiff. Likewise, if the case is tried in the Southern District of New York, it will be easier, more expeditious and less expensive for Defendants. As such, the Court finds that this factor is not favorable to either party.

*9. The administrative difficulties of court congestion.*

Again, there is no competent evidence in the record to favor either party as to this factor.

*10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action.*

The Court finds that this factor has no applicability here.

*11. The avoidance of unnecessary problems with conflict of laws.*

This factor is inapplicable to this controversy.

In sum, only factor 6 weighs in favor of Plaintiff's argument that the case not be transferred; factors 1 and 4 weigh in favor of Defendants' argument that the case be transferred; and factors 2, 3, 5, 7, 8, 9, 10, and 11 provide no guidance.[*]

---

[*]The Court notes that some factors carry more weight than others. Moreover, these factors are certainly not exhaustive.

Nevertheless, when the record is considered as a whole, the Court is firmly convinced that Defendants have firmly that its motion to transfer should be granted. Therefore, the Court will enter judgment accordingly.

## III.  CONCLUSION

Wherefore, in light of the foregoing discussion and analysis, the Court concludes that Defendants' motion to transfer will be **GRANTED**.

**IT IS SO ORDERED**.

Signed this 15th day of October, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
