UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED RESOURCE RECOVERY CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　　-against-<br><br><br>RAMKO VENTURE MANAGEMENT, INC. and JOHN KOHUT,<br><br>　　　　　　　Defendants. | CIVIL ACTION NO. 07-9452 (RWS)<br><br><br><br><br>DECLARATION OF GARY M. FELLNER, ESQ. IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS AND THIRD-PARTY COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(c) |
| RAMKO VENTURE MANAGEMENT, INC.,<br><br>　　　　　　　Third-Party Plaintiff,<br><br>　　-against-<br><br>CARLOS GUTIERREZ,<br><br>　　　　　　　Third-Party Defendant. | |

　　**GARY M. FELLNER**, of sound age and mind, declares under penalty of perjury as follows:

　　1. I am a principal of the firm of Porzio, Bromberg & Newman, P.C., attorneys for Plaintiff United Resource Recovery Corporation and Third-Party Defendant Carlos Gutierrez in the above-referenced action. As such, I have personal knowledge of the facts stated below.

　　2. I respectfully submit this declaration in support of Plaintiff and Third-party Defendant's Motion to Dismiss Counterclaims and Third-party Complaint pursuant to Fed. R. Civ. Proc. 12(c).

3. I respectfully refer the Court to the accompanying memorandum of law in support, and the pleadings and exhibits referenced therein, submitted in opposition to Defendant's instant motion. Those exhibits are listed as follows.

4. Annexed hereto as Exhibit 1 is a true and correct copy of Plaintiff's Complaint for Declaratory Judgment, dated February 20, 2007.

5. Annexed hereto as Exhibit 2 is a true and correct copy of Defendants' Answer and Counterclaim and Third-party Complaint dated, April 4, 2007.

6. Annexed hereto as Exhibit 3 is a true and correct copy of Plaintiff's Reply to Counterclaim, dated May 16, 2007.

7. Annexed hereto as Exhibit 4 is a true and correct copy of Third-Party Defendant's Answer to Third-Party Complaint, dated May 23, 2007.

8. Annexed hereto as Exhibit 5 is a true and correct copy of the May 27, 2005 Consulting Agreement between Plaintiff and Defendant Ramko Venture Management, Inc., which is referenced in the Answer and Counterclaim.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed this 25th day of January 2008

_____
Gary M. Fellner (GF-7486)

1179808

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United Resource Recovery Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) ) |
| RamKo Venture Management, Inc., and John Kohut, | ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, seeking a declaratory judgment of the court, pursuant to 28 USCA § 2201, would respectfully show as follows:

1. The Plaintiff is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business located at 5396 North Blackstock Road, Spartanburg, South Carolina 29303.

2. The Defendant RamKo Venture Management, Inc. ("RamKo") and John Kohut ("Kohut") are citizens and residents of the State of New York.

3. The Defendants have worked as consultants for the Plaintiff and otherwise represented the interests of the Plaintiff. They regularly transact business in the State of South Carolina and have traveled to South Carolina on numerous occasions. The controversy in this case arises out of agreements which were to be performed in whole or in part in South Carolina.

4. The court therefore has jurisdiction over the parties, pursuant to 28 USCA § 1332, and venue is properly placed in this court.

5. In or about August, 2001, the Defendants undertook to arrange a private placement of $2,000,000 in preferred shares of Plaintiff's stock in order to raise capital to

1070945

undergo an expansion. The Defendants undertook to arrange that private placement on specific terms and conditions which, if met, would result in the payment to Defendants of significant fees, expenses and other compensation. The terms to be met included issuance of new shares representing less than 22% of the ownership in Plaintiff. Those terms are set forth in a Summary of Terms. No private placement occurred.

6. In or about March, 2002, Defendants undertook to arrange a differently structured private placement to raise up to $2,000,000. Again, the agreement was on specific terms and conditions which, if met, would result in payment to Defendants of significant fees, expenses or other compensation. Again, the terms included raising up to $2,000,000 in consideration of the issuance of new shares representing less than 22% of the ownership in Plaintiff. Those terms are set forth in a letter dated March 14, 2002 and a second Summary of Terms and Side Letter #1. Again, no private placement occurred.

7. In or about January, 2004, Defendants undertook to arrange yet another differently structured private placement to raise up to $8,000,000. Again, the agreement was on specific terms and conditions which if met, would result in payment to Defendants of significant fees, expenses and other compensation. The terms included raising up to $8,000,000 in consideration of the issuance of new shares representing 40% of the ownership in Plaintiff. Those terms are set forth in a letter dated January 2, 2004 and a third Summary of Terms and Side Letter #1. Again, no private placement occurred.

8. The Defendants continued to work with Plaintiff in attempting to raise capital but by 2005, Defendants had been unsuccessful in arranging a private placement much less one that met the terms and conditions of either of the agreements they had signed.

2

9. In the Spring of 2005, the Defendants informed the Plaintiff that they were no longer willing to continue seeking a private placement on the terms of the earlier agreements but insisted instead that they be retained as a consultant for a fee of $8,500 per month plus certain expenses. The parties signed a Consulting Agreement to that effect

10. To date, no private placement has occurred.

11. During all times since execution of the Consulting Agreement, Plaintiff has continued to pay consulting fees of $8,500 per month.

12. It has now become clear that the prospect being pursued by the Defendants was unwilling or unable to proceed with a private placement on terms and conditions that were either (a) acceptable to the Plaintiff or that were (b) consistent with those referred to in any of the private placement agreements between the Plaintiff and the Defendants.

13. Plaintiff is now negotiating directly with two new companies concerning a potential acquisition of some of the shares of Plaintiff and/or a significant loan to Plaintiff (the "Potential Transaction").

14. Notwithstanding their failure to arrange a private placement, the Defendants have called and written to the Plaintiff insisting that they are currently entitled to various fees, expenses and/or other compensation related to an earlier proposed transaction with Founders Equity SBIC I, L.P., and that upon consummation of the Potential Transaction, they will be entitled to various fees, expenses and/or other compensation totaling in the aggregate as much as $1 million.

15. An actual controversy exists between the parties in that the Plaintiff is convinced the Defendants are entitled to no fees, expenses or compensation other than consulting fees of

$8,500 per month until termination in accordance with the Consulting Agreement between the parties.

16. The term sheets regarding the private placement between the parties have expired. Moreover, the Defendants have been unable or unwilling to arrange a private placement that is consistent with the private placement term sheets agreed to by the parties or otherwise acceptable to Plaintiff. This dispute has reached the point where intervention by the court is necessary to declare the rights and obligations of the parties so they may proceed without threat that they have or will have breached any agreement.

17. The Plaintiff is informed and believes it is entitled to a declaratory judgment of this court that the Defendants (and any affiliated parties that might claim under or through them) are entitled to no fees, expenses or compensation other than consulting fees of $8,500 per month until termination consistent with the Consulting Agreement between the parties.

WHEREFORE, the Plaintiff respectfully requests that the court inquire into all of the facts and circumstances and issue its declaratory judgment that Defendants (and any affiliated parties that might claim under or through them) are entitled to no fees, expenses or compensation from the Plaintiff other than consulting fees of $8,500 per month until termination consistent with the written Consulting Agreement between the parties.

s/Thomas M. Larkin
Michael J. Giese (#2094)
Thomas M. Larkin (#9480)
Leatherwood Walker Todd & Mann, P.C.
300 East McBee Avenue, Suite 500 (29601)
Post Office Box 87, Greenville, SC 29602
Tel. (864) 242-6440; fax (864) 240-2475
mgiese@lwtm.com
tlarkin@lwtm.com

February 20, 2007