EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United Resource Recovery Corporation, | ) | Case Number: 7:07-502-HFF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPLY OF UNITED RESOURCE** |
| | ) | **RECOVERY CORPORATION** |
| RamKo Venture Management, Inc. and | ) | |
| John Kohut, | ) | |
| | ) | |
| Defendants. | ) | |
| RamKo Venture Management, Inc., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Carlos Gutierrez, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

United Resource Recovery Corporation ("URRC"), for its Reply to the Counterclaim of the Defendants, would respectfully show unto the Court:

FOR A FIRST DEFENSE

1.    The allegations of the Complaint are incorporated by reference herein as though fully set forth.

2.    Each and every allegation of the Answer and Counterclaim and Third-Party Complaint is denied except as expressly admitted herein.

3.    URRC incorporates the preceding in response to Paragraph 25.

4.    Answering Paragraphs 26 through 30, URRC admits the residence of the parties and that the Court has jurisdiction over the parties and the subject matter of this case. Any other allegation or inference is denied.

5.    Answering Paragraph 31, URRC specifically alleges that venue properly lies in this Court.

6.    Paragraph 32 is denied.

7.    So much of Paragraph 33 is admitted as alleges the general nature of URRC's business. It is also admitted that the Defendants were engaged to arrange a private placement. All else is denied.

8.    Paragraph 34 is denied.

9.    URRC denies the allegations of Paragraphs 35 and 36 and requests reference to the written agreements between the parties for a recitation of their terms and conditions. The allegations are denied to the extent they are not expressly established by the written agreements. URRC further denies that the Defendants are entitled to any payments other than monthly payments pursuant to the Consulting Agreement until its termination.

10.    Paragraph 37 is denied.

11.    Paragraph 38 does not appear to call for an answer, but any allegation or insinuation is denied.

12.    Answering the second, misnumbered Paragraph 38, URRC refers to the written agreements for a recitation of all their terms and conditions. Any allegation which is not expressly established by those written agreements is denied.

13.    URRC denies the allegations of Paragraph 39 except to admit that there were discussions with Founders Equity SBIC, LLP ("Founders"). Unfortunately, however, those discussions proved unfruitful.

14.    Paragraph 40 is denied except that there were discussions between Founders and URRC.

15.    Answering Paragraph 41, it is admitted that the Defendants at some point prepared new proposed Agreements bearing the date December 10, 2004. It is further admitted that those Agreements were not signed. It is denied, however, that there was ever any oral agreement concerning them or that any representative of URRC ever agreed to sign them.

16.    So much of Paragraph 42 is admitted as alleges that Founders and URRC signed a Letter of Intent. The remaining allegations are denied.

17.    URRC admits so much of Paragraph 43 as alleges there were extensive negotiations. It is also admitted that Founders filed a lawsuit which was settled. The remaining allegations and insinuations are denied.

18.    Paragraphs 44 and 45 are denied, except there have been discussions with NTR and/or Coke.

19.    In response to Paragraph 46, URRC refers to the written documents for a recitation of all of their terms and conditions. As set forth above, the so-called December 10, 2004 revisions were never agreed upon by the parties or signed.

20.    Paragraphs 47 and 48 are denied.

21.    Paragraph 49 is denied.

22.    Answering Paragraph 50, URRC refers to the written agreements between the parties for a recitation of all of their terms and conditions. Any allegation not expressly established by those agreements is denied.

23.    Paragraph 51 is denied.

24.    Paragraphs 52 and 53 are denied except it is admitted that the parties entered into a written Consulting Agreement, reference to which is requested for a recitation of its terms and conditions. Any allegation not expressly established thereby is denied.

25.    The foregoing is incorporated in response to Paragraph 54 of the Complaint.

26.    So much of Paragraph 55 is admitted as alleges that URRC owes no money and intends to make no payments. It is denied that URRC is in breach of any of its agreements.

27.    Paragraphs 56, 57, 58 and 59 are denied.

28.    The foregoing is incorporated in response to Paragraph 60.

29.    Paragraphs 61, 62, 63 and 64 are denied.

30.    The foregoing is incorporated in response to Paragraph 65.

31.    Paragraphs 66 and 67 are denied.

32.    The foregoing is incorporated in response to Paragraph 68.

33.    Paragraphs 69, 70 and 71 are denied.

34.    The foregoing is incorporated in response to Paragraph 72.

35.    Paragraphs 73, 74 and 75 are denied.

36.    Paragraphs 76 and 77 are denied except to the extent they acknowledge that the parties did not have any agreement about whether a fee should be paid or how much.

37.    The remaining allegations of the Complaint are denied.

4

38.    Except as expressly admitted hereinabove, each and every allegation of the Complaint is denied.

FOR A SECOND DEFENSE

39.    The foregoing allegations are incorporated by reference herein.

40.    Some or all of the claims asserted by the Defendants are barred by the pertinent statutes of limitation.

FOR A THIRD DEFENSE

41.    The foregoing allegations are incorporated by reference herein.

42.    Some or all of the claims of the Defendants are barred by the statute of frauds.

FOR A FOURTH DEFENSE

43.    The foregoing allegations are incorporated by reference herein.

44.    The contracts asserted by the Defendants have expired, lapsed, been superseded, been merged, been rescinded or are otherwise not enforceable.

FOR A FIFTH DEFENSE

45.    The foregoing allegations are incorporated by reference herein.

46.    The claims of the Defendants are barred by their failure to perform various terms and conditions of the Agreements. Further, the Defendants ultimately failed properly to represent the interests of URRC and instead showed untoward deference and loyalty to Founders.

FOR A SIXTH DEFENSE

47.    The foregoing allegations are incorporated by reference herein.

48.    The claims of the Defendants are barred by the doctrine of laches.

FOR A SEVENTH DEFENSE

49.    The foregoing allegations are incorporated by reference herein.

50.    The claims of the Defendants are barred by the doctrine of estoppel.

### FOR AN EIGHTH DEFENSE

51.    The foregoing allegations are incorporated by reference herein.

52.    The claims of the Defendants are barred by the doctrine of waiver.

### FOR A NINTH DEFENSE

53.    The foregoing allegations are incorporated by reference herein.

54.    The claims of the Defendants are barred by their breaches of the warranty of good faith and fair dealing.

### FOR A TENTH DEFENSE

55.    The foregoing allegations are incorporated by reference herein.

56.    The claims of the Defendants are barred by the doctrine of unclean hands.

WHEREFORE, having fully replied, the Plaintiff respectfully requests that the Court dismiss all of the counterclaims of the Defendants with prejudice and grant the relief requested in the Complaint.

Respectfully submitted,

s/ Michael J. Giese
Michael J. Giese (#2094)
Thomas M. Larkin (#9480)
Leatherwood Walker Todd & Mann, P.C.
300 East McBee Avenue, Suite 500
Post Office Box 87
Greenville, SC 29602
(864) 242-6440
(864) 240-2477 (fax)
mgiese@lwtm.com
tlarkin@lwtm.com

ATTORNEY FOR PLAINTIFF

May 16, 2007

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION
DEFICIENCY MEMORANDUM

**TO:**        **Michael Giese**

**FROM:**      **Angela Lewis**
               **241-2759**

**RE:**        **7:07-502-HFF**

**DATE:**      **May 17, 2007**


Pursuant to Rule 5, Federal Rules of Civil Procedures,  the **Reply not to a Motion, document #31** has been filed.  However, it is deficient in the area(s) checked below:


I.    When the deficiency noted is corrected and the document refiled, the Clerk will change the filing document date and response due date back to that of the original filing.  The original filing will then be deleted.

The corrected document must not contain any changes other than to correct the deficiency noted.

Response is due based on the original filing date, regardless of the deficiency noted.

☐   Pleading not signed with s/Name on signature line or digital signature

☐   Incorrect case number listed on document filed

☐   Document filed in wrong case

☐   Document not legible

☐   Document signed by attorney but e-filed under another attorney's login

☐   Documents filed together, please separate and refile

■   **Wrong Event used. Please refile using the event Answers to Complaints.  The system will bring up the answer and counterclaim.  If you have any questions, call the case manager listed above before refiling.**

☐   Wrong Document Attached

**Please correct the deficiency(ies) as noted above within one business day.**

EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United Resource Recovery Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER OF CARLOS GUTIERREZ** |
| vs. | ) | **TO THIRD PARTY COMPLAINT** |
| | ) | |
| RamKo Venture Management, Inc. and | ) | Case Number: 7:07-502-HFF |
| John Kohut, | ) | |
| | ) | |
| Defendants. | ) | |
| RamKo Venture Management, Inc., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Carlos Gutierrez, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

Carlos Gutierrez ("Mr. Gutierrez"), for his Answer to the Third Party Complaint of the Defendants, would respectfully show unto the Court:

FOR A FIRST DEFENSE

1.　　The allegations of the Complaint are incorporated by reference herein as though fully set forth.

2.　　Each and every allegation of the Answer and Counterclaim and Third Party Complaint is denied except as expressly admitted herein.

3.　　Mr. Gutierrez incorporates the preceding in response to Paragraph 25.

4.　　Answering Paragraphs 26 through 30, Mr. Gutierrez admits the residence of the parties and that the Court has jurisdiction over the parties and the subject matter of this case. Any other allegation or inference is denied.

5.    Answering Paragraph 31, Mr. Gutierrez specifically alleges that venue properly lies in this Court.

6.    Paragraph 32 is denied.

7.    So much of Paragraph 33 is admitted as alleges the general nature of URRC's business. It is also admitted that the Defendants were engaged to arrange a private placement. All else is denied.

8.    Paragraph 34 is denied.

9.    Mr. Gutierrez denies the allegations of Paragraphs 35 and 36 and requests reference to the written agreements between the parties for a recitation of their terms and conditions. The allegations are denied to the extent they are not expressly established by the written agreements. Mr. Gutierrez further denies that the Defendants are entitled to any payments other than monthly payments pursuant to the Consulting Agreement until its termination.

10.    Paragraph 37 is denied.

11.    Paragraph 38 does not appear to call for an answer, but any allegation or insinuation is denied.

12.    Answering the second, misnumbered Paragraph 38, Mr. Gutierrez refers to the written agreements for a recitation of all their terms and conditions. Any allegation which is not expressly established by those written agreements is denied.

13.    Mr. Gutierrez denies the allegations of Paragraph 39 except to admit that there were discussions with Founders Equity SBIC, LLP ("Founders"). Unfortunately, however, those discussions proved unfruitful.

14.    Paragraph 40 is denied except that there were discussions between Founders and URRC.

2

15.     Answering Paragraph 41, it is admitted that the Defendants at some point prepared new proposed Agreements bearing the date December 10, 2004. It is further admitted that those Agreements were not signed. It is denied, however, that there was ever any oral agreement concerning them or that any representative of URRC ever agreed to sign them.

16.     So much of Paragraph 42 is admitted as alleges that Founders and URRC signed a Letter of Intent. The remaining allegations are denied.

17.     Mr. Gutierrez admits so much of Paragraph 43 as alleges there were extensive negotiations. It is also admitted that Founders filed a lawsuit which was settled. The remaining allegations and insinuations are denied.

18.     Paragraphs 44 and 45 are denied, except there have been discussions with NTR and/or Coke.

19.     In response to Paragraph 46, Mr. Gutierrez refers to the written documents for a recitation of all of their terms and conditions. As set forth above, the so-called December 10, 2004, revisions were never agreed upon by the parties or signed.

20.     Paragraphs 47 and 48 are denied.

21.     Paragraph 49 is denied.

22.     Answering Paragraph 50, Mr. Gutierrez refers to the written agreements between the parties for a recitation of all of their terms and conditions. Any allegation not expressly established by those agreements is denied.

23.     Paragraph 51 is denied.

24.     Paragraphs 52 and 53 are denied except it is admitted that URRC and the Defendants entered into a written Consulting Agreement, reference to which is requested for a recitation of its terms and conditions. Any allegation not expressly established thereby is denied.

25.    The foregoing is incorporated in response to Paragraph 54 of the Complaint.

26.    So much of Paragraph 55 is admitted as alleges that URRC owes no money and intends to make no payments. It is denied that URRC is in breach of any of its agreements.

27.    Paragraphs 56, 57, 58 and 59 are denied.

28.    The foregoing is incorporated in response to Paragraph 60.

29.    Paragraphs 61, 62, 63 and 64 are denied.

30.    The foregoing is incorporated in response to Paragraph 65.

31.    Paragraphs 66 and 67 are denied.

32.    The foregoing is incorporated in response to Paragraph 68.

33.    Paragraphs 69, 70 and 71 are denied.

34.    The foregoing is incorporated in response to Paragraph 72.

35.    Paragraphs 73, 74 and 75 are denied.

36.    Paragraphs 76 and 77 are denied except to the extent they acknowledge that the parties did not have any agreement about whether a fee should be paid or how much.

37.    The remaining allegations of the Complaint are denied.

38.    Except as expressly admitted hereinabove, each and every allegation of the Complaint is denied.

## FOR A SECOND DEFENSE

39.    The foregoing allegations are incorporated by reference herein.

40.    Some or all of the claims asserted by the Defendants are barred by the pertinent statutes of limitation.

## FOR A THIRD DEFENSE

41.    The foregoing allegations are incorporated by reference herein.

42.    Some or all of the claims of the Defendants are barred by the statute of frauds.

## FOR A FOURTH DEFENSE

43.    The foregoing allegations are incorporated by reference herein.

44.    The contracts asserted by the Defendants have expired, lapsed, been superseded, been merged, been rescinded or are otherwise not enforceable.

## FOR A FIFTH DEFENSE

45.    The foregoing allegations are incorporated by reference herein.

46.    The claims of the Defendants are barred by their failure to perform various terms and conditions of the Agreements. Further, the Defendants ultimately failed properly to represent the interests of URRC and instead showed untoward deference and loyalty to Founders.

## FOR A SIXTH DEFENSE

47.    The foregoing allegations are incorporated by reference herein.

48.    The claims of the Defendants are barred by the doctrine of laches.

## FOR A SEVENTH DEFENSE

49.    The foregoing allegations are incorporated by reference herein.

50.    The claims of the Defendants are barred by the doctrine of estoppel.

## FOR AN EIGHTH DEFENSE

51.    The foregoing allegations are incorporated by reference herein.

52.    The claims of the Defendants are barred by the doctrine of waiver.

## FOR A NINTH DEFENSE

53.    The foregoing allegations are incorporated by reference herein.

54.    The claims of the Defendants are barred by their breaches of the warranty of good faith and fair dealing.

FOR A TENTH DEFENSE

55.    The foregoing allegations are incorporated by reference herein.

56.    The claims of the Defendants are barred by the doctrine of unclean hands.

FOR AN ELEVENTH DEFENSE

57.    The Third Party Complaint fails to state a cause of action against Mr. Gutierrez

WHEREFORE, having fully replied, Mr. Gutierrez respectfully requests that the Court

dismiss all of the claims of the Defendants and Third Party Plaintiff with prejudice and grant the

relief requested in the Complaint.

Respectfully submitted,

s/ Michael J. Giese
Michael J. Giese (#2094)
Thomas M. Larkin (#9480)
Leatherwood Walker Todd & Mann, P.C.
300 East McBee Avenue, Suite 500
Post Office Box 87
Greenville, SC 29602
(864) 242-6440
(864) 240-2477 (fax)
mgiese@lwtm.com
tlarkin@lwtm.com

ATTORNEY FOR CARLOS GUTIERREZ

May 23, 2007

EXHIBIT 5

## CONSULTING AGREEMENT

This AGREEMENT, dated as of May 27th, 2005, by and between United Resource Recovery Corporation, Inc., a South Carolina corporation, having an office located at 5396 N. Blackstock Road, Spartanburg, SC 29303 (the "Company") and RamKo Venture Management, Inc., a New York corporation, having an address of 111 East 80th Street, New York, New York 10021 ("Consultant").

1.   <u>Services</u>. Consultant agrees to provide the services of a skilled professional reasonably requested by the executive officers of the Company. These services shall be for an average of six and one-quarter (6.25) business days per month, but in any event for not more than seventy five (75) business days in any yearly period, commencing June 1, 2005, as a consultant and advisor, such services to be substantially similar to those performed by a principal financial officer. Such services are hereinafter referred to as the "Services." Unless otherwise agreed between Consultant and the Company, Consultant shall perform the Services at an office of the Consultant to be located in the City of New York (the "Office"). The Company agrees that Consultant shall have ready access to the Company staff and resources as necessary to perform the Services provided for in this Agreement.

3.   <u>Compensation</u>. As compensation for the Services, the Company agrees to pay Consultant on or prior to June 1, 2005 a fee of $8,500 and to pay on the first day of each month thereafter, commencing July 1, 2005, a fee of $8,500.00.

3.   <u>Expenses</u>. In addition to the compensation received pursuant to Section 2 hereof, during the term of this Agreement, Consultant shall be entitled to receive prompt reimbursement from the Company for all reasonable and necessary out-of-pocket expenses incurred by it in performing Services hereunder. Any item of such expenses in excess of $1,000, however, shall be reimbursable hereunder only if such item of expense has been approved by an executive officer of the Company before it is incurred by Consultant, except for travel and lodging expenses for Consultant traveling from the Office to any office or facility of the Company. Reimbursement of any expense under this Section 3 in excess of $50 shall be made by the Company only upon submission by Consultant of itemized proof (to the extent reasonably available) that such expense was actually incurred in performing services hereunder and the amount thereof. Any skilled professional shall be entitled to first class air accommodation for any air travel that is scheduled to exceed 1 1/2 hours in connection with the rendering of the Services hereunder.



4.   <u>Term and Termination</u>. This Agreement shall remain in full force and effect until a party shall terminate this Agreement by written notice of such termination to the other party, which termination shall be effective; (a) upon a material breach of this Agreement, immediately after delivery of such notice by the non-breaching party and (b) upon termination for any other reason, 90 days after delivery of such notice by either party (each, the "Termination Date"). Upon any termination, whether for breach or otherwise, the Company shall be obligated to pay Consultant the fees required under Section 2 hereof through the Termination Date and any un-reimbursed expenses under Section 3 hereof. The Company also shall pay an additional amount equal to the excess, if any, of days worked per month (above six and one quarter days per month) for each month starting in the immediately preceding June and ending with the month of termination divided by 6.25 and multiplied times $8,500. The provisions of this Section and sections 5, 6, 9, 12, 15 and 17 of this Agreement shall survive the termination of this Agreement.

5.   <u>Confidentiality</u>. All information regarding the business of the Company or any of its directors, shareholders, subsidiaries or affiliates (including without limitation, records, clients and customer lists, data documents and methods) compiled by, obtained by or furnished to Consultant while it is retained by or associated with any of the foregoing is acknowledged to be confidential information and the exclusive property of such companies. During or after the termination of this Agreement, Consultant agrees that it will not, directly or indirectly, divulge or use such information other than in the ordinary course of business for the Company or any of its shareholders, subsidiaries or affiliates. Upon termination of this Agreement, Consultant shall return to the Company, or destroy, any material involving any such confidential information.

6.   <u>Indemnity</u>. (a) The Company shall indemnify the consultant, its directors, shareholders, agents, officers and employees (the "Consultant Indemnified Parties") and hold them harmless from any liability, loss or expense, including without limitation reasonable attorneys' fees (subject to paragraph (c) of this Section 6), incurred by any of the Consultant Indemnified Parties in connection with any claim, action or other proceeding against any Consultant Indemnified Party arising out of performance of services for the Company hereunder; provided, that the Company shall not be liable for any of the foregoing to the extent they arise from Consultant's gross negligence or willful misconduct. The Company shall also use its best efforts to obtain for the Consultant Indemnified Parties coverage under any insurance policy now or hereafter obtained during the term of this Agreement covering the officers and directors of the Company against claims, actions or proceedings similar to those described above. The Company shall pay all expenses including attorneys' fees, actually, reasonably, and necessarily incurred by the Consultant Indemnified Parties in connection with the defense of such action, suit or proceeding, and

2

in connection with any related appeal including the costs of court settlements, subject to paragraph (c) below.

(b)   The Consultant shall indemnify the Company, its directors, shareholders, agents, officers and employees (the "Company Indemnified Parties") and hold them harmless from any liability, loss or expense, including without limitation reasonable attorneys' fees (subject to paragraph (c) of this section 6), incurred by any of the Company Indemnified Parties in connection with any claim, action or other proceeding against any Company Indemnified Party arising out of Consultant's gross negligence or willful misconduct in the performance of its services hereunder. The Consultant shall pay all expenses including attorneys' fees, actually, reasonably, and necessarily incurred by the Company in connection with the defense of such action, suit or proceeding, and in connection with any related appeal including the costs of court settlements, subject to paragraph (c) below.

(c)   The obligations and liabilities of each indemnifying party hereunder with respect to claims resulting from the assertion of liability of indemnified parties shall be subject to the following tens and conditions:

(i)   The indemnified party shall give prompt notice to the indemnifying party of any claim which might give rise to a claim by the indemnified party against the indemnifying party based on their indemnity agreements contained in paragraph (a) or (b) of this Section 6, stating the nature and basis of said claims and the amounts thereof, to the extent known.

(ii)   In the event any such action, suit or proceeding is brought against the indemnified party, with respect to which the indemnified party may have liability under said indemnity agreements, the action, suit or proceeding shall be defended (including all proceedings on appeal or for review) by the indemnifying party. The indemnified party shall have the right to employ its own counsel in any such case, but the fees and expenses of such counsel shall be at the indemnified party's own expense unless (A) the employment of such counsel and the payment of such fees and expenses both shall have been specifically authorized by the indemnifying party in connection with the defense of such action, suit or proceeding, or (B) such indemnified party shall have reasonably concluded and specifically notified the indemnifying party that there may be specific defenses available to it which are different from or additional to those available to the indemnifying party or that such action, suit or proceeding involves or could have an effect upon matters beyond the scope of the indemnity agreements contained in paragraphs (a) and (b) of this Section 6, in any of which events the indemnifying party, to the extent made necessary by such defense, shall not have the right to direct the defense of such action, suit or

3

proceeding on behalf of the indemnified party. In such case only that portion of such fees and expenses reasonably related to matters covered by said indemnity agreements shall be borne by the indemnifying party. The indemnified party shall be kept fully informed of such action, suit or proceeding at all stages thereof whether or not it is so represented. The indemnifying party shall make available to the indemnified party and its attorneys and accountants all books and records of the indemnifying party relating to such proceedings or litigation and the parties hereto agree to render to each other such assistance as they may reasonably require of each other in order to ensure the proper and adequate defense of any such action, suit or proceeding.

(d) Neither the indemnifying party nor the indemnified party shall make any settlement of any claims without the written consent of the other party, which consent shall not be unreasonably withheld or delayed.

(e) Except as herein expressly provided, the remedies provided in this Section 6 shall be cumulative and shall not preclude assertion by any party of any other rights or the seeking of any other rights or remedies against any other party hereto.

7.    <u>Restriction</u>. The Consultant shall during the term of this Agreement be deemed to be an independent contractor. It and its directors, shareholders, agents, officers and employees shall be permitted to engage in any business and perform services for its or their own accounts provided that such business and services shall not be in competition with, or be for a company that is in competition with, the Company or its affiliates or subsidiaries.

8.    <u>Additional Services</u>. (a) Should the Services rendered be for a period greater than 84 business days in any calendar year (the "Additional Services"), the Company shall pay the Consultant an additional $1,500 for each day of such Services, provided that no Additional Services shall be rendered prior to the Consultant notifying the Company in writing that the initial 60 day period of Services has or is about to expire and the Company shall provide to the Consultant written authorization to render a fixed number of days of Additional Services. Prior to rendering any Additional Services in excess of the number of days authorized in accordance with the provisions of this Section, the notification and authorization procedures set forth above shall be repeated.

(b) Any service, other than the Services, including but not limited to investment banking services performed by Consultant for the Company, are not covered by, nor subject to the terms and provisions of this Agreement, and compensation for and the conditions for the performance of such services are or shall be the subject of separate agreements mutually agreeable to the parties thereto.

4

(c)   It is understood and agreed between the parties hereto that this Agreement is independent from and not conditional upon nor related to the execution or performance by either party of any other agreement between the parties. Neither party shall have any right to offset any claims arising from any other agreement or action not directly resulting from the Services against payments due hereunder.

9.   <u>Arbitration</u>. Every dispute which may arise with reference to this Agreement or the construction thereof or any matter contained in or arising out of this Agreement shall be referred to an arbitrator to be appointed by the parties hereto. If the parties cannot agree on an arbitrator, the arbitrator shall be selected by the American Arbitration Association.

10.  <u>Effect of Waiver</u>. The waiver by either party of a breach of any provision of this Agreement shall not operate as or be construed as a waiver of any subsequent breach thereof.

11.  <u>Notice</u>. Any and all notices or other documents under this Agreement shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid and return receipt requested, to any other party at the addresses specified above, or to such other address as a party may specify by notice hereunder. No other method of giving notice is hereby precluded which gives actual notice to any party hereto.

12.  <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the law of the State of New York without giving effect to the conflicts of law principles thereof.

13.  <u>Assignment</u>. The rights, benefits and obligations of the Company and the Consultant under this Agreement shall not be assignable or transferable.

14.  <u>Entire Agreement</u>. This Agreement constitutes the entire understanding between the parties with respect to the subject matter hereof and supersedes all negotiations, prior discussions, and preliminary agreements made prior to the date hereof. This Agreement may be amended or replaced only in writing executed by all parties hereto.

15.  <u>Disclosure</u>. The company represents, warrants and agrees from and after the date of this Agreement: (a) it will not engage in any activity or course of conduct resulting in any financial statements of the Company, including but not limited to any periodic

5

income statements, balance sheets or cash flow statements, prepared for use internally or for use by lenders, suppliers or other non-affiliated entities, not fairly presenting the financial condition and the results of operations of the Company as at the end of and for any reporting period covered thereby; and (b) it will undertake to correct in a reasonable period of time (time being of the essence) any activity or course of conduct that may result or have previously resulted in any report, financial statement or other document used internally, or provided to lenders, suppliers or other non-affiliated entity, containing any untrue statement of a material fact or omitting a material fact necessary to make the statements in any such document misleading as of the date of any such document.

        17.    Payment of Expenses. The Company agrees to pay for and hold Consultant harmless for all out-of-pocket costs and expenses of Consultant (including, without limitation, the fees and out-of-pocket expenses of all counsel retained by RamKo) arising in connection with the entering into, administration (including without limitation, any waiver, amendment or modification) or enforcement of, or preservation of rights under, this Agreement and any of the documents contemplated thereby. Consultant hereby agrees that the legal fees and out-of-pocket expenses of counsel retained by Consultant in connection with the entering into preparation and execution of this Agreement shall not exceed $500.

        IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed and delivered by their respective duly authorized officers as of the date first above written.


                United Resource Recovery Corporation, Inc.


                By _____ its _____

                Date _June 15, 2005_


                RamKo Venture Management, Inc.


                By _____ its President

                Date _June 16, 2005_


6